IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MANOGNA DEVABHAKTUNI, § § Plaintiff, § § V. § § DAVID C. GODBEY and MORGAN § ARRINGTON, § § Defendants. § | No. 3:19-cv-2222-K-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Manogna Devabhaktuni has filed a *pro se* complaint against the Honorable David C. Godbey – the presiding United States district judge in Devabhaktuni's initial *pro se* action in this court, *Devabhaktuni v. CPS, et al.*, No. 3:19-cv-1743-N-BT (N.D. Tex.) ("*Devabhaktuni I*") – and Morgan Arrington – an employee in the Court of Clerk's office.

This action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade.

A district court may summarily dismiss a complaint filed IFP if it concludes that the action:

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

Judges generally have absolute immunity for judicial actions taken within the scope of their jurisdiction, which also means that judicial officers are generally immune from suits for money damages. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221-22 (5th Cir. 2009). "Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). "A judge's acts are judicial in nature if they are normally performed by a judge and the parties affected dealt with the judge in his judicial capacity." *Id.* at 285 (internal quotation marks omitted). "[J]udicial immunity is not overcome by allegations of bad faith or malice," *Mireles*, 502 U.S. at 11; *see Boyd*, 31 F.3d at 284 ("The alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant." (citing *Young v. Biggers*, 938 F.2d 565, 569 n.5 (5th Cir. 1991))). And "[d]isagreeing with a judge's actions does not justify depriving that judge of his or her immunity." *Greenlee v. U.S. Dist. Court*, No. 09-2243-cv-FJG, 2009 WL 1424514, at *2 (D. Kan. May 21, 2009) (citing *Stump*, 435 U.S. at 363).

None of Devabhaktuni's factually-plausible allegations against Judge Godbey reflect that he has acted outside a judicial capacity. Such claims are therefore barred by absolute judicial immunity and should be dismissed with prejudice.

Similarly, court clerks "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion." *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001) (quoting *Tarter v. Hury*,

646 F.2d 1010, 1013 (5th Cir. June 1981)). This quasi-judicial immunity extends to deputy clerks of court when they act as "explicitly commanded by a court decree or by the judge's instructions." *Id.* at 682. And the United States Court of Appeals for the Fifth Circuit has extended this doctrine to clerks of court who act under the directives and orders of the court. *See Small v. Dallas Cnty.*, 170 F. App'x 943, 944 (5th Cir. 2006) (per curiam).

Even if the Court construes Devabhaktuni's allegations against Defendant Arrington liberally, because Devabhaktuni has not complained of any action by this defendant that is "nonjudicial in nature," the claims against Arrington should be dismissed with prejudice as frivolous. *Boyd*, 31 F.3d at 285.

Further, to the extent that Devabhaktuni brings claims against other parties through the complaint now before the Court, those claims should be summarily dismissed because Devabhaktuni has failed to "plead facts sufficient to show" that such claims have "substantive plausibility" by stating "simply, concisely, and directly events" that entitle her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

Finally, given that this is the fourth action filed by Devabhaktuni this week against a judicial officer or employee of the Court acting at the direction of a judge that has been referred to the undersigned for pretrial management – and the fourth such action where the undersigned has recommended summary dismissal – if the Court accepts or adopts this recommendation, the Court should also warn Devabhaktuni that similar future litigation – whether filed in this Court, filed in state court and

removed to this Court, or filed in another federal court and transferred to this Court – could subject her to sanctions, including the Court imposing monetary sanctions and/or precluding her from making further filings without leave of Court.

While "the judicial system is generally accessible and open to all individuals," *Kaminetzky v. Frost National Bank of Houston*, 881 F. Supp. 276, 277 (S.D. Tex. 1995), "district courts have an obligation to protect the orderly administration of justice and prevent abuse of the court's process by frivolous and vexatious litigants[, which means that p]ro se litigants have 'no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets,'" *Ruston v. Dallas Cnty.*, No. 3:07-cv-1076-D, 2008 WL 958076, at *2 (N.D. Tex. Apr. 9, 2008) (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)).

## Recommendation

The Court should dismiss this case with prejudice under 28 U.S.C. § 1915(e)(2)(B) and issue an appropriate vexatious litigant warning.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 18, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE